

## IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>BRIAN H MAY | Case Number: 19SL-CC00875 |
|---|---|
| Plaintiff/Petitioner:<br>ANNABELLE SMITH<br><br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address<br>MICHELLE MARIE FUNKENBUSCH<br>8050 WATSON RD<br>SUITE 355<br>SAINT LOUIS, MO  63119 |
| Defendant/Respondent:<br>G4S COMPLIANCE & INVESTIGATIONS, INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | 105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105<br><div align="right">(Date File Stamp)</div> |

*(stamp: APR 25 2019 COLE COUNTY SHERIFF'S OFFICE)*

### Summons in Civil Case

The State of Missouri to:  G4S COMPLIANCE & INVESTIGATIONS, INC.
 Alias:
PRENTICE-HALL CORP. SYSTEM
221 BOLIVAR STREET
JEFFERSON CITY, MO  65101

*COURT SEAL OF*



*ST. LOUIS COUNTY*

  You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
  SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

28-MAR-2019
Date

Further Information:
GB

Clerk

---

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by:  (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other _____
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
 *(Seal)*  Subscribed and sworn to before me on _____ (date).

My commission expires: _____
 Date

_____
 Notary Public



EXHIBIT
2



| Sheriff's Fees, if applicable | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $    10.00    | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

## THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

**19SL-CC00875**

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

ANNABELLE SMITH, (formerly known )
as PAMELA SMITH),                                )
                                                 )
        Plaintiff,,                              )
v.                                               )   Case No.
                                                 )
                                                 )   Division No.
G4S COMPLIANCE &                                 )
INVESTIGATIONS, INC.,                            )
                                                 )   **PETITION FOR EMPLOYMENT**
Serve Registered Agent:                          )   **DISCRIMINATION, HOSTILE WORK**
Prentice-Hall Corp. System                       )   **ENVIRONMENT AND RETALIATION**
221 Bolivar Street                               )
Jefferson City, Missouri 65101                   )
                                                 )
and                                              )
                                                 )
JAMES BONK,                                      )
                                                 )
Serve at Place of Employment:                    )
G4S Compliance & Investigations, Inc.            )
105 E. Galeria Blvd., 5ᵗʰ Fl.                    )
Aurora, Illinois 60505                           )
                                                 )
        Defendant.                               )

## PETITION FOR EMPLOYMENT DISCRIMINATION

COMES NOW, Plaintiff AnnaBelle Smith, by and through his attorney, and for

Plaintiff's Petition for Employment Discrimination against Defendants G4S Compliance &

Investigations, Inc. and James Bonk states and alleges as follows:

### PARTIES

1.      At all relevant hereto, Plaintiff AnnaBelle Smith was a resident of St. Louis

County, Missouri.  Plaintiff AnnaBelle Smith presently resides outside of the State of Missouri.

2.      Plaintiff AnnaBelle Smith is a member of a protected class under the Missouri

Human Rights Act based on her gender as a female.

1

3.      At all times relevant hereto, commencing in 2012 and ending on December 6, 2018, Plaintiff AnnaBelle Smith is and was employed by Defendant G4S Compliance & Investigations, Inc.as a Special Investigations Unit Investigator and later as a Special Investigations Unit Manager.

4.      Defendant G4S Compliance & Investigations, Inc. is a general business corporation, organized and existing under North Carolina law, with its principal place of business located at 910 Paversstone Drive, Raleigh, North Carolina 27615

5.      At all times relevant hereto, Defendant G4S Compliance & Investigations, Inc. is engaged in business as private investigation firm providing security, surveillance, investigation and compliance services.

6.      Based on information and belief, at all times relevant hereto, Defendant James Bonk is and was a resident of Cook County, Illinois.

7.      At all times relevant hereto, Defendant James Bonk is and was employed by Defendant G4S Compliance & Investigations, Inc. as Regional Vice-President.

8.      Commencing with her promotion as SIU Manager, Defendant James Bonk is and was the direct supervisor of Plaintiff AnnaBelle.

9.      At all times relevant hereto, Defendant James Bonk is and was acting as an employee and agent of Defendant G4S Compliance & Investigations, Inc. within the scope of his duties as an employee and agent of Defendant G4S Compliance & Investigations, Inc. and in furtherance of the business interests of Defendant G4S Compliance & Investigations, Inc.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

10.      Plaintiff AnnaBelle Smith commenced her employment with Defendant G4S Compliance in 2012 as a Surveillance Investigator.

2

11.     Throughout her employment, Plaintiff AnnaBelle Smith maintained strong relationships with members of her investigative team and managers, received favorable performance reviews and/or feedback from her managers, and received successive promotions, including SIU Investigator in 2013, SIU Manager I in 2016 and SIU Manager III in 2017.

12.     Commencing with her promotion to SIU Manager in 2016, Plaintiff AnnaBelle Smith was directly supervised by Defendant James Bonk.

13.     Defendant James Bonk, while acting as the immediate supervisor of Plaintiff AnnaBelle Smith, displayed and maintained a hostile and condescending attitude and demeanor towards Plaintiff AnnaBelle Smith based on her gender and stereotypes related to her gender as exhibited by the following:

    a.     Defendant James Bonk criticized Plaintiff AnnaBelle Smith for being assertive.

    b.     Defendant James Bonk criticized Plaintiff AnnaBelle Smith for engaging and participating in company-related discussions.

    c.     Defendant James Bonk discounted and/or rejected the suggestions, recommendations and input provided by Plaintiff AnnaBelle Smith.

    d.     Defendant James Bonk engaged in conduct intended to isolate Plaintiff AnnaBelle Smith from other managers and employees who were male.

    e.     Defendant James Bonk was abrupt and short with Plaintiff AnnaBelle Smith and discounted her contributions to the company.

    f.     Defendant James Bonk was demonstrably uncomfortable working with Plaintiff AnnaBelle Smith based on her gender and tended to associate and to offer more training and support to other managers and employees who were male.

14.     Despite Plaintiff AnnaBelle Smith's full performance of the assigned functions and duties of her position as SIU Manager, Defendant G4S Compliance & Investigations, Inc., acting by and through Defendant James Bonk, subjected Plaintiff AnnaBelle Smith to continuous, on-going and pervasive harassment based on her gender and stereotypes related to her gender which created a hostile work environment.

15.     The hostile work environment was evidenced by the following events and occurrences:

a.     Derogatory comments directed to Plaintiff AnnaBelle Smith;

b.     Condescending comments directed to Plaintiff AnnaBelle Smith;

c.     Unfair and unwarranted criticism of Plaintiff AnnaBelle Smith's work performance;

d.     Excessive communication intended to harass and burden Plaintiff AnnaBelle Smith.

e.     Differential treatment of Plaintiff AnnaBelle Smith based on her gender.

16.     The above-described harassment based on her gender and stereotypes relating to her gender was so severe and pervasive that Plaintiff AnnaBelle Smith (as well as any reasonable person) would and did consider the work environment to be hostile and abusive.

17.     In addition to the hostile work environment, throughout her employment, Plaintiff AnnaBelle Smith was subjected to the following unlawful employment practices:

a.     Plaintiff AnnaBelle Smith was treated differently than other SIU Managers based on her gender.  Plaintiff AnnaBelle Smith received less training and support than other SIU Managers who were male.

4

b.      Plaintiff AnnaBelle Smith was treated differently than other SIU Managers based on her gender. Plaintiff AnnaBelle Smith was compensated at a rate of pay less than other SIU Managers who were male.

c.      Plaintiff AnnaBelle Smith was treated differently than other SIU Managers based on her gender. Plaintiff AnnaBelle Smith received salay increases and raises less than other SIU Managers who were male.

d.      Plaintiff AnnaBelle Smith was treated differently than other SIU Managers based on her gender. Plaintiff AnnaBelle Smith received less overtime pay than other SIU Managers who were male.

e.      Plaintiff AnnaBelle Smith was treated differently than other SIU Managers based on her gender. Plaintiff AnnaBelle Smith was subjected to heightened standards not similarly applied to other SIU Managers who were male.

f.      Plaintiff AnnaBelle Smith was treated differently than other SIU Managers based on her gender. Plaintiff AnnaBelle Smith was assigned more states for coverage than other SIU Managers who were male.

18.   Plaintiff AnnaBelle Smith reported the hostile work environment and unlawful employment practices to senior managers of Defendant G4S Compliance & Investigations, Inc.

19.   Despite receiving these reports and despite being aware of the hostile work environment and unlawful employment practices, Defendant G4S Compliance & Investigations, Inc. failed and refused to investigate Plaintiff AnnaBelle Smith's complaints relating to the hostile work environment and unlawful employment practices and failed and refused to abate the hostile work environment and unlawful employment practices.

5

20.    In response to the reporting of the hostile work environment and unlawful employment practices to senior managers of Defendant G4S Compliance & Investigations, Inc., Defendant G4S Compliance & Investigations, Inc., acting by and through Defendant James Bonk, retaliated against Plaintiff AnnaBelle Smith by engaging in a scheme to replace Plaintiff AnnaBelle Smith with a less tenured and less qualified male employee.

21.    On December 18, 2017, Defendant G4S Compliance & Investigations, Inc., acting by and through Defendant James Bonk, took the following adverse employment actions against Plaintiff AnnaBelle Smith ("adverse employment action"):

a.    Defendant G4S Compliance & Investigations, Inc., acting by and through Defendant James Bonk, demoted Plaintiff AnnaBelle Smith from SIU Manager to SIU Investigator.

b.    Defendant G4S Compliance & Investigations, Inc., acting by and through Defendant James Bonk, reassigned the work duties of SIU Manager from Plaintiff AnnaBelle Smith to Darin Logue.

22.    In demoting Plaintiff AnnaBelle Smith, Defendant G4S Compliance & Investigations, Inc., acting by and through Defendant James Bonk, initially described the reason for her change in position and duties as a "corporate restructuring."

23.    Defendant G4S Compliance & Investigations, Inc., acting by and through Defendant James Bonk, later stated that the change in position was a demotion and was based on her "personal issues."

24.    Upon further inquiry by Plaintiff AnnaBelle Smith, Defendant G4S Compliance & Investigations, Inc., acting by and through Defendant James Bonk, stated that the demotion was due to her work performance.

25.   Plaintiff AnnaBelle Smith then reported the unlawful employment practices to Audria Bond, HR Manger for Defendant G4S Compliance & Investigations, Inc. Defendant G4S Compliance & Investigations, Inc., acting by and Audria Bond, stated that the demotion was due to "time management" issues.

26.   The differing reasons stated by Defendant G4S Compliance & Investigations, Inc. for the demotion of Plaintiff AnnaBelle Smith are and were false, are and were a pretext to cover up the above-described unlawful employment practices, and are and were a part of a scheme by Defendant G4S Compliance & Investigations, Inc. and Defendant James Bonk to retaliate against Plaintiff AnnaBelle Smith for reporting the hostile work environment and unlawful employment practices to senior managers of Defendant G4S Compliance & Investigations, Inc.

27.   Plaintiff AnnaBelle Smith filed a timely Charge of Discrimination with the Missouri Commission on Human Rights on January 29, 2018.

28.   Subsequent to the filing of the Charge of Discrimination, Defendant G4S Compliance & Investigations, Inc. and Defendant James Bonk failed to abate the hostile work environment and unlawful employment practice and increased the level of harassment by assigning her menial duties, forcing her to train her less qualified replacement, denying her further promotions and salary increases, and denying her sick leave (including FMLA leave) resulting in her constructive discharge from employment on December 6, 2018.

29.   The Missouri Commission on Human Rights issued a right to sue notice to Plaintiff AnnaBelle Smith on November 29, 2018.

7

## COUNT I – UNLAWFUL EMPLOYMENT DISCRIMINATION

COMES NOW, Plaintiff AnnaBelle Smith, by and through his attorney, and for Count I of Plaintiff's Petition against Defendants James Bonk and G4S Compliance & Investigations, Inc. states and alleges as follows:

30.   Plaintiff AnnaBelle Smith realleges, restates and incorporates by reference herein paragraphs 1 through 29 of Plaintiff's Petition as and for this paragraph 30 of Plaintiff's Petition.

31.   §213.055 R.S.Mo. (2016) and §213.055 R.S.Mo. (2017) state, in pertinent part, that: "1. It shall be an unlawful employment practice:  (1) For an employer, because of the… sex of any individual:  (a) … to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's… sex…; (b) To limit, segregate or classify his employees… in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's… sex."

32.   Plaintiff AnnaBelle Smith is a biological female and is a member of a protected class based on her sex or gender.

33.   At all times relevant hereto, Plaintiff AnnaBelle Smith is and was employed by Defendant G4S Compliance & Investigations, Inc.

34.   At all times relevant hereto, Plaintiff AnnaBelle Smith fully performed the job duties and functions of her position as SIU Manger with Defendant G4S Compliance & Investigations, Inc.

35.   Defendant G4S Compliance & Investigations, Inc., acting by and through Defendant James Bonk, did employ, use and engage in unlawful employment related acts,

8

practices and conduct in violation of §213.055 R.S.Mo. (2016) and § 213.055 R.S.Mo. (2017) as follows:

      a.      Defendant G4S Compliance & Investigations, Inc., acting by and through Defendant James Bonk, compensated Plaintiff AnnaBelle Smith at a rate of pay less than similarly qualified men in the same or similar position.

      b.      Defendant G4S Compliance & Investigations, Inc., acting by and through Defendant James Bonk, demoted Plaintiff AnnaBelle Smith from SIU Manager to SIU Investigator.

      c.      Defendant G4S Compliance & Investigations, Inc., acting by and through Defendant James Bonk, reassigned the work duties of SIU Manager from Plaintiff AnnaBelle Smith to Darin Logue.

36.     In taking the aforedescribed adverse employment actions against Plaintiff AnnaBelle Smith in violation of §213.055 R.S.Mo. (2016) and § 213.055 R.S.Mo. (2017), Defendants James Bonk and G4S Compliance & Investigations, Inc. were motivated based on animus towards Plaintiff AnnaBelle Smith based on her sex and/or stereotypes related to her gender. Plaintiff AnnaBelle Smith's sex was a contributing factor or, in the alternative, played an actual role in and had a determinative influence on the adverse employment actions taken by Defendant G4S Compliance & Investigations, Inc. against Plaintiff AnnaBelle Smith.

37.     As a direct and proximate result of Defendants James Bonk and G4S Compliance & Investigations, Inc.'s employment, use and engagement in unlawful employment related acts, practices and conduct in violation of §213.055 R.S.Mo. (2016) and §213.055 R.S.Mo. (2017), Plaintiff AnnaBelle Smith has sustained, will sustain and/or will continue to sustain actual damages in excess of $25,000.00 as follows:

      a.     Emotional Pain, Suffering, Inconvenience, Mental Anguish, Loss of Enjoyment of Life, Emotional Distress, Depression, Loss of Sleep, Fear, Anxiety, Loss of Peace of Mind, Loss of Confidence, and Diminished Self-Worth;

      b.     Medical Expense, including Physician Fees, Diagnostic Testing Fees, Counseling, Pharmaceuticals and Support Animal;

      c.     Relocation Expenses, including Temporary Housing Expenses, Air Fare, Meals and Fuel;

      d.     Unpaid Salary and Wages, including Overtime;

      e.     Loss or Diminution of Wages, Salary, Commissions and Bonuses, Health Insurance and Other Fringe Benefits (including Vacation Pay, Sick Pay, Pension and Retirement Benefits, Stock Options and Bonus Plans, Profit-Sharing Benefits, and Life Insurance);

      f.     Loss or Diminution of Future Job Related Promotions and Opportunities;

      g.     Negative Tax Consequences Associated with a Lump Sum Payment or Award; and

      h.     Pre-Judgment and Post-Judgment Interest.

38.     Plaintiff AnnaBelle Smith further seeks an award of punitive damages to the fullest extent permissible under Missouri law against Defendants James Bonk and G4S Compliance & Investigations, Inc. as follows:

      a.     The acts, practices and conduct of Defendants James Bonk and G4S Compliance & Investigations, Inc. are and were intentional, willful, wanton, malicious, grossly negligent and/or reckless;

b.      The acts, practices and conduct of Defendants James Bonk and G4S Compliance & Investigations, Inc. are and were extreme, outrageous and shocking to the conscience;

c.      The acts, practices and conduct of Defendants James Bonk and G4S Compliance & Investigations, Inc. are and were reckless and exhibited conscious disregard of Plaintiff AnnaBelle Smith's civil rights and of the protections afforded to employees with disabilities;

d.      Punitive damages are necessary and proper to punish Defendants James Bonk and G4S Compliance & Investigations, Inc. for its unlawful employment practices; and

e.      Punitive damages are necessary and proper to deter Defendants James Bonk and G4S Compliance & Investigations, Inc. and others similarly situated from engaging in such conduct in the future.

39.     To the extent that §213.111 R.S.Mo. (2017) is applicable and limits the amount of actual damages for future economic damage, non-economic damages and/or punitive damages, Plaintiff AnnaBelle Smith further seeks a judicial declaration that the cap on future economic damages, non-economic damages and punitive damages is unconstitutional and, therefore, invalid and void ab initio on the following grounds:

a.      §213.111 R.S.Mo. is unconstitutional under Article I, Section 2 of the Missouri Constitution (1945) which provides, in pertinent part, as follows: "That all persons are created equal and are entitled to equal rights and opportunity under the law." And Section 1 of the Fourteenth Amendment to the United States Constitution which provides, in pertinent part, as follows: "No State shall... deny any person within its jurisdiction the equal protection of the laws."

11

§213.111 R.S.Mo. is applicable only to those subject to unlawful discrimination and places limits or caps on future economic damages, non-economic damages, and punitive damages based on the number of employees employed by employer. The statute effectively creates two class of litigants and five classes of employer defendants: (1) discrimination victims and other tort victims, and (2) employers with 5 or less employees, 6 to 100 employees, 101 to 200 employees, 201 to 500 employees, and more than 500 employees. The dissimilar treatment of discrimination victims compared to other tort victims and the dissimilar treatment of discrimination claims based on the number of persons employed by the employer is not rationally related to any legitimate governmental interest or purpose. The classes created by the statute are arbitrary, are not based either on the nature or extent of the injuries sustained by employment discrimination victims or on the nature and degree of the reprehensibility of the employer's conduct, and simply bear no rational relationship to any legitimate government purpose, interest or justification associated with tort reform. Where an employee such as Plaintiff AnnaBelle Smith is severely injured by unlawful employment discrimination, equal protection under the laws is denied by the enforcement of arbitrary caps on future economic damages, non-economic damages and punitive damages.

      b.    §213.111 R.S.Mo. is unconstitutional under Article I, Section 10 of the Missouri Constitution (1945) which provides, in pertinent part, as follows: "That no person shall be deprived of life, liberty or property without due process of law." §213.111 R.S.Mo. replaces a judicial determination of damages with an arbitrary cap or limit on damages. Under such circumstances, the amount awarded is capped or limited to an arbitrary amount and is not determined using any proscribed judicial or statutory standard. Unlike remittitur, the reduction of damages is arbitrarily applied without any consideration of the injuries sustained by the

employee or the reprehensibility of the conduct of the employer. A statutory limit on damages such as §213.111 R.S.Mo. effectively grants remittitur on a wholesale basis without regard to the evidence and without regarding any approved or recognized procedure or standard.

      c.    §213.111 R.S.Mo. is unconstitutional under Article I, Section 14 of the Missouri Constitution (1945) which provides, in pertinent part, as follows: "That the courts of justice shall be open to every person, and certain remedy afforded for every injury to person, property or character…" §213.111 R.S.Mo. denies victims of employment discrimination with access to the courts. By capping or limiting the amount of damages, employees with discrimination claims are denied compensation in cases where the injuries sustained are extensive and where the degree of reprehensibility of the employer's conduct is severe thereby effectively denying victims of employment discrimination access to the courts.

      d.    §213.111 R.S.Mo. is unconstitutional under Article I, Section 22(a) of the Missouri Constitution (1945) which provides, in pertinent part, as follows: "That the right of trial by jury as heretofore enjoyed shall remain inviolate", under Article II, Section 1 of the Missouri Constitution (1945) which provides, in pertinent part, as follows: "The power of government shall be divided into three distinct departments… and no person, or collection of persons, charged with the exercise of powers properly belonging to one of those departments, shall exercise any power properly belonging to either of the others…" and under Article V, Section 1 of the Missouri Constitution (1945) which provides, in pertinent part, as follows: "The judicial power of the state shall be vested in… circuit courts." §213.111 R.S.Mo. creates acts as a compulsory, legislatively pre-determined remittitur. The statute effectively creates a legislative presumption that damages in excess of the statutorily set amount were excessive. The determination of damages would thereby be prospective and preordained. In tort actions, the

13

only way to determine an acceptable level of compensation is by providing a jury to determine the facts, including what constitutes fair compensation. The legislative cap on damages invades the province of jury and infringes on the right to a jury trial. Similarly, the legislative cap on damages invades the judicial function of remitter and represents a usurpation of judicial power.

WHEREFORE, Plaintiff AnnaBelle Smith prays the Court to enter judgment in favor of Plaintiff AnnaBelle Smith and against Defendants James Bonk and G4S Compliance & Investigations, Inc., for actual and punitive damages in such amount as may be determined at trial, for pre-judgment and post-judgment interest on any monetary award, for Plaintiff's attorney's fees and costs incurred herein, and for such other and further relief as the Court may deem proper under the circumstances.

## COUNT II – HOSTILE WORK ENVIRONMENT

COMES NOW, Plaintiff AnnaBelle Smith, by and through his attorney, and for Count II of Plaintiff's Petition against Defendants James Bonk and G4S Compliance & Investigations, Inc. states and alleges as follows:

40.     Plaintiff AnnaBelle Smith realleges, restates and incorporates by reference herein paragraphs 1 through 39 of Plaintiff's Petition as and for this paragraph 40 of Plaintiff's Petition.

41.     Plaintiff AnnaBelle Smith is a biological female and is a member of a protected class based on her sex or gender.

42.     At all times relevant hereto, Plaintiff AnnaBelle Smith is and was employed by Defendant G4S Compliance & Investigations, Inc.

43.     At all times relevant hereto, Plaintiff AnnaBelle Smith fully performed the job duties and functions of her position as SIU Manger with Defendant G4S Compliance & Investigations, Inc.

44.    Defendant G4S Compliance & Investigations, Inc., acting by and through Defendant James Bonk, subjected Plaintiff AnnaBelle Smith to continuous, on-going and pervasive harassment based on his disability which created a hostile work environment.

45.    The hostile work environment was evidenced by the following events and occurrences:

       a.    Derogatory comments directed to Plaintiff AnnaBelle Smith;

       b.    Condescending comments directed to Plaintiff AnnaBelle Smith;

       c.    Unfair and unwarranted criticism of Plaintiff AnnaBelle Smith's work performance;

       d.    Excessive communication intended to harass and burden Plaintiff AnnaBelle Smith.

       e.    Differential treatment of Plaintiff AnnaBelle Smith based on her gender.

46.    The above-described harassment was based solely or, in the alternative, in part on her sex, and was so severe and pervasive that Plaintiff AnnaBelle Smith (as well as any reasonable person) would and did consider the work environment to be hostile and abusive.

47.    Defendant G4S Compliance & Investigations, Inc., acting by and through Defendant James Bonk, caused, condoned, and permitted the harassment of Plaintiff AnnaBelle Smith based on her sex and failed and refused to investigate, maintained, and failed and refused to correct and abate the hostile work environment based on his disability created by the harassment of Plaintiff AnnaBelle Smith in violation of §213.055 R.S.Mo. (2016) and §213.055 R.S.Mo. (2017) thereby causing or resulting in the following tangible employment actions being taken by Defendant G4S Compliance & Investigations, Inc., acting by and through Defendant James Bonk, against Plaintiff AnnaBelle Smith:

a.     Defendant G4S Compliance & Investigations, Inc., acting by and through Defendant James Bonk, compensated Plaintiff AnnaBelle Smith at a rate of pay less than similarly qualified men in the same or similar position.

b.     Defendant G4S Compliance & Investigations, Inc., acting by and through Defendant James Bonk, demoted Plaintiff AnnaBelle Smith from SIU Manager to SIU Investigator.

c.     Defendant G4S Compliance & Investigations, Inc., acting by and through Defendant James Bonk, reassigned the work duties of SIU Manager from Plaintiff AnnaBelle Smith to Darin Logue.

48.     As a direct and proximate result of the above-described harassment and hostile work environment caused, condoned, permitted and maintained by Defendant G4S Compliance & Investigations, Inc., by and through the actions and conduct of Defendant James Bonk, in violation of §213.055 R.S.Mo. (2016) and §213.055 R.S.Mo. (2017), Plaintiff AnnaBelle Smith has sustained, will sustain and/or will continue to sustain actual damages in excess of $25,000.00 as follows:

a.     Emotional Pain, Suffering, Inconvenience, Mental Anguish, Loss of Enjoyment of Life, Emotional Distress, Depression, Loss of Sleep, Fear, Anxiety, Loss of Peace of Mind, Loss of Confidence, and Diminished Self-Worth;

b.     Medical Expense, including Physician Fees, Diagnostic Testing Fees, Counseling, Pharmaceuticals and Support Animal;.

c.     Relocation Expenses, including Temporary Housing Expenses, Air Fare, Meals and Fuel;

d.     Unpaid Salary and Wages, including Overtime;

16

e.      Loss or Diminution of Wages, Salary, Commissions and Bonuses, Health Insurance and Other Fringe Benefits (including Vacation Pay, Sick Pay, Pension and Retirement Benefits, Stock Options and Bonus Plans, Profit-Sharing Benefits, and Life Insurance);

f.      Loss or Diminution of Future Job Related Promotions and Opportunities;

g.      Negative Tax Consequences Associated with a Lump Sum Payment or Award; and

h.      Pre-Judgment and Post-Judgment Interest.

49.      Plaintiff AnnaBelle Smith further seeks an award of punitive damages to the fullest extent permissible under Missouri law against Defendants James Bonk and G4S Compliance & Investigations, Inc. as follows:

a.      The acts, practices and conduct of Defendants James Bonk and G4S Compliance & Investigations, Inc. are and were intentional, willful, wanton, malicious, grossly negligent and/or reckless;

b.      The acts, practices and conduct of Defendants James Bonk and G4S Compliance & Investigations, Inc. are and were extreme, outrageous and shocking to the conscience;

c.      The acts, practices and conduct of Defendants James Bonk and G4S Compliance & Investigations, Inc. are and were reckless and exhibited conscious disregard of Plaintiff AnnaBelle Smith's civil rights and of the protections afforded to employees with disabilities;

d.      Punitive damages are necessary and proper to punish Defendants James Bonk and G4S Compliance & Investigations, Inc. for its unlawful employment practices; and

17

e.     Punitive damages are necessary and proper to deter Defendants James Bonk and G4S Compliance & Investigations, Inc. and others similarly situated from engaging in such conduct in the future.

50.     To the extent that §213.111 R.S.Mo. (2017) is applicable and limits the amount of actual damages and/or punitive damages, Plaintiff AnnaBelle Smith further seeks a judicial declaration that the cap on for future economic damage, non-economic damages and/or punitive damages is unconstitutional and, therefore, invalid and void ab initio on the following grounds:

a.     §213.111 R.S.Mo. is unconstitutional under Article I, Section 2 of the Missouri Constitution (1945) which provides, in pertinent part, as follows:  "That all persons are created equal and are entitled to equal rights and opportunity under the law" and Section 1 of the Fourteenth Amendment to the United States Constitution which provides, in pertinent part, as follows:  "No State shall… deny any person within its jurisdiction the equal protection of the laws."

§213.111 R.S.Mo. is applicable only to those subject to unlawful discrimination and places limits or caps on future economic damages, non-economic damages, and punitive damages based on the number of employees employed by employer.  The statute effectively creates two class of litigants and five classes of employer defendants:  (1) discrimination victims and other tort victims, and (2) employers with 5 or less employees, 6 to 100 employees, 101 to 200 employees, 201 to 500 employees, and more than 500 employees.  The dissimilar treatment of discrimination victims compared to other tort victims and the dissimilar treatment of discrimination claims based on the number of persons employed by the employer is not rationally related to any legitimate governmental interest or purpose.  The classes created by the statute are arbitrary, are not based either on the nature of extent of the injuries sustained by employment discrimination

victims or on the nature and degree of the reprehensibility of the employer's conduct, and simply bear no rational relationship to any legitimate government purpose, interest or justification associated with tort reform. Where an employee such as Plaintiff AnnaBelle Smith is severely injured by unlawful employment discrimination, equal protection under the laws is denied by the enforcement of arbitrary caps on future economic damages, non-economic damages and punitive damages.

      b.     §213.111 R.S.Mo. is unconstitutional under Article I, Section 10 of the Missouri Constitution (1945) which provides, in pertinent part, as follows: "That no person shall be deprived of life, liberty or property without due process of law." §213.111 R.S.Mo. replaces a judicial determination of damages with an arbitrary cap or limit on damages. Under such circumstances, the amount awarded is capped or limited to an arbitrary amount and is not determined using any proscribed judicial or statutory standard. Unlike remittitur, the reduction of damages is arbitrarily applied without any consideration of the injuries sustained by the employee or the reprehensibility of the conduct of the employer. A statutory limit on damages such as §213.111 R.S.Mo. effectively grants remittitur on a wholesale basis without regard to the evidence and without regarding any approved or recognized procedure or standard.

      c.     §213.111 R.S.Mo. is unconstitutional under Article I, Section 14 of the Missouri Constitution (1945) which provides, in pertinent part, as follows: "That the courts of justice shall be open to every person, and certain remedy afforded for every injury to person, property or character…" §213.111 R.S.Mo. denies victims of employment discrimination with access to the courts. By capping or limiting the amount of damages, employees with discrimination claims are denied compensation in cases where the injuries sustained are

extensive and where the degree of reprehensibility of the employer's conduct is severe thereby effectively denying victims of employment discrimination access to the courts.

> d.      §213.111 R.S.Mo. is unconstitutional under Article I, Section 22(a) of the Missouri Constitution (1945) which provides, in pertinent part, as follows: "That the right of trial by jury as heretofore enjoyed shall remain inviolate", under Article II, Section 1 of the Missouri Constitution (1945) which provides, in pertinent part, as follows: "The power of government shall be divided into three distinct departments... and no person, or collection of persons, charged with the exercise of powers properly belonging to one of those departments, shall exercise any power properly belonging to either of the others..." and under Article V, Section 1 of the Missouri Constitution (1945) which provides, in pertinent part, as follows: "The judicial power of the state shall be vested in... circuit courts." §213.111 R.S.Mo. creates acts as a compulsory, legislatively pre-determined remittitur. The statute effectively creates a legislative presumption that damages in excess of the statutorily set amount are excessive. The determination of damages would thereby be prospective. In tort actions, the only way to determine an acceptable level of compensation is by providing a jury to determine the facts, including what constitutes fair compensation. The legislative cap on damages invades the province of jury and infringes on the right to a jury trial. Similarly, the legislative cap on damages invades the judicial function of remitter and represents a usurpation of judicial power.

WHEREFORE, Plaintiff AnnaBelle Smith prays the Court to enter judgment in favor of Plaintiff AnnaBelle Smith and against Defendants James Bonk and G4S Compliance & Investigations, Inc., for actual and punitive damages in such amount as may be determined at trial, for pre-judgment and post-judgment interest on any monetary award, for Plaintiff's

attorney's fees and costs incurred herein, and for such other and further relief as the Court may deem proper under the circumstances.

## COUNT III – RETALIATION

COMES NOW, Plaintiff AnnaBelle Smith, by and through his attorney, and for Count III of Plaintiff's Petition against Defendants James Bonk and G4S Compliance & Investigations, Inc. states and alleges as follows:

51.     Plaintiff AnnaBelle Smith realleges, restates and incorporates by reference herein paragraphs 1 through 50 of Plaintiff's Petition.

52.     §213.070 R.S.Mo. (2017) provides, in pertinent part, as follows: "It shall be an unlawful discriminatory practice for an employer... (2) To retaliate or discriminate in any manner against any other person because such person has opposed any practice prohibited by this chapter or because such person has filed a complaint, testified, assisted, or participated in any manner in any investigation, proceeding or hearing conducted pursuant to this chapter."

53.     Plaintiff AnnaBelle Smith engaged in the following protected activities under the Missouri Human Rights Act:

a.     Plaintiff AnnaBelle Smith objected to the unlawful employment practices and hostile work environment to Defendant James Bonk.

b.     Plaintiff AnnaBelle Smith reported the unlawful employment practices and hostile work environment to Defendant G4S Compliance & Investigations, Inc.

c.     Plaintiff AnnaBelle Smith repeatedly asserted his rights under the Missouri Human Rights Act (including his right to continued employment free from a hostile work environment).

d.     Plaintiff AnnaBelle Smith opposed the discriminatory conduct in the reassignment of the duties of his position,

e.     Plaintiff AnnaBelle Smith opposed harassment directed towards her.

      f.      Plaintiff AnnaBelle Smith sought or threatened to seek legal counsel and other support to assist him in asserting his rights under the Missouri Human Rights Act.

      g.      Plaintiff AnnaBelle Smith filed or threatened to file a charge of discrimination with the Missouri Commission on Human Rights.

54.     Defendant G4S Compliance & Investigations, Inc., acting by and through Defendant James Bonk, did engage in a pattern of retaliation against Plaintiff AnnaBelle Smith in violation of §213.055 R.S.Mo. (2016) and § 213.055 R.S.Mo. (2017):

      a.      Derogatory comments directed to Plaintiff AnnaBelle Smith;

      b.      Condescending comments directed to Plaintiff AnnaBelle Smith;

      c.      Unfair and unwarranted criticism of Plaintiff AnnaBelle Smith's work performance;

      d.      Excessive communication intended to harass and burden Plaintiff AnnaBelle Smith.

      e.      Differential treatment of Plaintiff AnnaBelle Smith based on her gender.

      f.      Demotion from position as SIU Manager to SIU Investigator.

      g.      Re-assignment of work duties associated with position as SIU Manager.

55.     As a direct and proximate result of the retaliation caused, condoned, permitted and approved by Defendant G4S Compliance & Investigations, Inc., by and through the actions and conduct of Defendant James Bonk, in violation of §213.070 R.S.Mo. (2016) and §213.070 R.S.Mo. (2017), Plaintiff AnnaBelle Smith has sustained, will sustain and/or will continue to sustain actual damages in excess of $25,000.00 as follows:

a.      Emotional Pain, Suffering, Inconvenience, Mental Anguish, Loss of Enjoyment of Life, Emotional Distress, Depression, Loss of Sleep, Fear, Anxiety, Loss of Peace of Mind, Loss of Confidence, and Diminished Self-Worth;

b.      Medical Expense, including Physician Fees, Diagnostic Testing Fees, Counseling, Pharmaceuticals and Support Animal;

c.      Relocation Expenses, including Temporary Housing Expenses, Air Fare, Meals and Fuel;

d.      Unpaid Salary and Wages, including Overtime;

e.      Loss or Diminution of Wages, Salary, Commissions and Bonuses, Health Insurance and Other Fringe Benefits (including Vacation Pay, Sick Pay, Pension and Retirement Benefits, Stock Options and Bonus Plans, Profit-Sharing Benefits, and Life Insurance);

f.      Loss or Diminution of Future Job Related Promotions and Opportunities;

g.      Negative Tax Consequences Associated with a Lump Sum Payment or Award; and

h.      Pre-Judgment and Post-Judgment Interest.

56.     In taking the aforedescribed unlawful retaliation against Plaintiff AnnaBelle Smith in violation of §213.070 R.S.Mo. (2016) and § 213.070 R.S.Mo. (2017), Defendants James Bonk and G4S Compliance & Investigations, Inc. were motivated based on animus towards Plaintiff AnnaBelle Smith based on her sex and based on the desire and intent to punish Plaintiff AnnaBelle Smith for the exercise of his rights under the Missouri Human Right Act. In addition, Plaintiff AnnaBelle Smith's sex and the desire and intent to punish Plaintiff AnnaBelle Smith for the exercise of his rights under the Missouri Human Right Act was a contributing factor or, in the alternative, played an actual role in and had a determinative influence on the

24

adverse employment actions taken by Defendant G4S Compliance & Investigations, Inc. against Plaintiff AnnaBelle Smith.

57.     Plaintiff AnnaBelle Smith further seeks an award of punitive damages to the fullest extent permissible under Missouri law against Defendants James Bonk and G4S Compliance & Investigations, Inc. as follows:

a.      The acts, practices and conduct of Defendants James Bonk and G4S Compliance & Investigations, Inc. are and were intentional, willful, wanton, malicious, grossly negligent and/or reckless;

b.      The acts, practices and conduct of Defendants James Bonk and G4S Compliance & Investigations, Inc. are and were extreme, outrageous and shocking to the conscience;

c.      The acts, practices and conduct of Defendants James Bonk and G4S Compliance & Investigations, Inc. are and were reckless and exhibited conscious disregard of Plaintiff AnnaBelle Smith's civil rights and of the protections afforded to employees with disabilities;

d.      Punitive damages are necessary and proper to punish Defendants James Bonk and G4S Compliance & Investigations, Inc. for its unlawful employment practices; and

e.      Punitive damages are necessary and proper to deter Defendants James Bonk and G4S Compliance & Investigations, Inc. and others similarly situated from engaging in such conduct in the future.

58.     To the extent that §213.111 R.S.Mo. (2017) is applicable and limits the amount of actual damages and/or punitive damages, Plaintiff AnnaBelle Smith further seeks a judicial

declaration that the cap on for future economic damage, non-economic damages and/or punitive damages is unconstitutional and, therefore, invalid and void ab initio on the following grounds:

        a.    §213.111 R.S.Mo. is unconstitutional under Article I, Section 2 of the Missouri Constitution (1945) which provides, in pertinent part, as follows: "That all persons are created equal and are entitled to equal rights and opportunity under the law" and Section 1 of the Fourteenth Amendment to the United States Constitution which provides, in pertinent part, as follows: "No State shall... deny any person within its jurisdiction the equal protection of the laws."

§213.111 R.S.Mo. is applicable only to those subject to unlawful discrimination and places limits or caps on future economic damages, non-economic damages, and punitive damages based on the number of employees employed by employer.  The statute effectively creates two class of litigants and five classes of employer defendants:  (1) discrimination victims and other tort victims, and (2) employers with 5 or less employees, 6 to 100 employees, 101 to 200 employees, 201 to 500 employees, and more than 500 employees.  The dissimilar treatment of discrimination victims compared to other tort victims and the dissimilar treatment of discrimination claims based on the number of persons employed by the employer is not rationally related to any legitimate governmental interest or purpose.  The classes created by the statute are arbitrary, are not based either on the nature of extent of the injuries sustained by employment discrimination victims or on the nature and degree of the reprehensibility of the employer's conduct, and simply bear no rational relationship to any legitimate government purpose, interest or justification associated with tort reform.  Where an employee such as Plaintiff AnnaBelle Smith is severely injured by unlawful employment discrimination, equal protection under the laws is denied by the

26

enforcement of arbitrary caps on future economic damages, non-economic damages and punitive damages.

      b.    §213.111 R.S.Mo. is unconstitutional under Article I, Section 10 of the Missouri Constitution (1945) which provides, in pertinent part, as follows: "That no person shall be deprived of life, liberty or property without due process of law." §213.111 R.S.Mo. replaces a judicial determination of damages with an arbitrary cap or limit on damages.  Under such circumstances, the amount awarded is capped or limited to an arbitrary amount and is not determined using any proscribed judicial or statutory standard.  Unlike remittitur, the reduction of damages is arbitrarily applied without any consideration of the injuries sustained by the employee or the reprehensibility of the conduct of the employer.  A statutory limit on damages such as §213.111 R.S.Mo. effectively grants remittitur on a wholesale basis without regard to the evidence and without regarding any approved or recognized procedure or standard.

      c.    §213.111 R.S.Mo. is unconstitutional under Article I, Section 14 of the Missouri Constitution (1945) which provides, in pertinent part, as follows: "That the courts of justice shall be open to every person, and certain remedy afforded for every injury to person, property or character…" §213.111 R.S.Mo. denies victims of employment discrimination with access to the courts.  By capping or limiting the amount of damages, employees with discrimination claims are denied compensation in cases where the injuries sustained are extensive and where the degree of reprehensibility of the employer's conduct is severe thereby effectively denying victims of employment discrimination access to the courts.

      d.    §213.111 R.S.Mo. is unconstitutional under Article I, Section 22(a) of the Missouri Constitution (1945) which provides, in pertinent part, as follows: "That the right of trial by jury as heretofore enjoyed shall remain inviolate", under Article II, Section 1 of the

27

Missouri Constitution (1945) which provides, in pertinent part, as follows: "The power of government shall be divided into three distinct departments... and no person, or collection of persons, charged with the exercise of powers properly belonging to one of those departments, shall exercise any power properly belonging to either of the others..." and under Article V, Section 1 of the Missouri Constitution (1945) which provides, in pertinent part, as follows: "The judicial power of the state shall be vested in... circuit courts." §213.111 R.S.Mo. creates acts as a compulsory, legislatively pre-determined remittitur. The statute effectively creates a legislative presumption that damages in excess of the statutorily set amount are excessive. The determination of damages would thereby be prospective. In tort actions, the only way to determine an acceptable level of compensation is by providing a jury to determine the facts, including what constitutes fair compensation. The legislative cap on damages invades the province of jury and infringes on the right to a jury trial. Similarly, the legislative cap on damages invades the judicial function of remitter and represents a usurpation of judicial power.

WHEREFORE, Plaintiff AnnaBelle Smith prays the Court to enter judgment in favor of Plaintiff AnnaBelle Smith and against Defendants James Bonk and G4S Compliance & Investigations, Inc., for actual and punitive damages in such amount as may be determined at trial, for pre-judgment and post-judgment interest on any monetary award, for Plaintiff's attorney's fees and costs incurred herein, and for such other and further relief as the Court may deem proper under the circumstances.

Respectfully Submitted,

SHAUGHNESSY LAW FIRM, LLC
/S/ Ryan S. Shaughnessy
Ryan S. Shaughnessy, #39922
1140 Boulder Creek Drive, Suite 202
O'Fallon, Illinois 62269
314-971-4381

shaughnessylawfirm@gmail.com
Attorney for Plaintiff

and

LAW OFFICE OF
MICHELLE M. FUNKENBUSCH

Michelle M. Funkenbusch, #48603
Attorney for Plaintiff
8050 Watson Rd., Suite 355
St. Louis, MO  63119
(314) 338-3500
(314) 271-8012 (fax)
(314) 799-6602 (cellular)
www.SaintLouisLegal.com
mo.legal.eagle@gmail.com